UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

URIKA RAMSEUR,  
       Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, et al.,

       Defendants.
                                             /

No. 06-14316

District Judge Paul D. Borman

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

On September 29, 2006, Plaintiff filed a *pro se* complaint, naming Defendants Federal National Mortgage Association (FNMA) and Mortgage Electronic Registration Systems, Inc. (MERS). Before the Court is the Defendants' Motion to Dismiss [Docket #9], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Defendants' motion be GRANTED, and that the complaint be DISMISSED.

      **I.   FACTUAL AND PROCEDURAL BACKGROUND**

In her brief, *pro se* complaint, Plaintiff alleges that Defendant MERS took title to her property unlawfully, and transferred title by a fraudulent deed; that MERS violated the statute of frauds as set forth in the Uniform Commercial Code (UCC); that there is no contract between her and MERS; that MERS has violated due process and 15 U.S.C. § 1692;

-1-

and that MERS transferred title to the property to FNMA without itself having ever received lawful title. There is no prayer for relief, and Plaintiff does not otherwise indicate precisely what she wants this Court to do.

In its Motion to Dismiss, Defendants allege the following facts:

> Plaintiff borrowed $322,700 from Quicken Loans, Inc., to purchase the property commonly known as 5183 Shenandoah Ct., West Bloomfield, Michigan 48323 ("Property"). *See Exhibit B*, Note. To induce Quicken Loans, Inc., to make this loan, she granted a mortgage on the Property to MERS. *See Exhibit C*, Mortgage. She failed to make payments on the loan and filed bankruptcy. MERS foreclosed its mortgage and purchased the Property at the foreclosure sale on November 22, 2005. *See Exhibit D*, Sheriff's Deed During the redemption period, MERS assigned its interest to Fannie Mae via a quit claim deed. *See Exhibit E*, Quit Claim Deed. Plaintiff failed to redeem the Property. Fannie Mae sued plaintiff in State of Michigan 48th District Court to recover possession of the Property, and obtained judgment on June 14, 2006. *See Exhibit F*, Judgment.

Brief in Support of Motion to Dismiss, p. 4.

Defendants seek dismissal on the basis of lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), res judicata, and the Rooker-Feldman doctrine.

Plaintiff was ordered to respond to the Motion to Dismiss by March 28, 2007 [Docket #10]. To date, Plaintiff has not filed a response.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

## III. ANALYSIS

### A. Subject Matter Jurisdiction

Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A court "should not have to guess at the nature of the claim asserted." *Id*.

The jurisdictional basis of Plaintiff's complaint is very unclear, as is, indeed, the factual basis. As to Defendant FNMA, Plaintiff states only that it at some point received title from MERS. There is absolutely no claim that FNMA did one thing that would be actionable under any federal law or that would give this Court subject matter jurisdiction. Nor is there a request for relief against FNMA. Even giving this *pro se* complaint a liberal construction, the Court cannot even guess what FNMA did, or what relief the Plaintiff wants this Court to grant against FNMA.

The Complaint is similarly vague as to Defendant MERS, and contains no request for relief. In terms of federal law, Plaintiff appears to assert a claim of due process violation, and a claim under the Fair Debt Collection Practices Act. As to the due process claim, there is no allegation and no showing that MERS is a state actor, a predicate to finding a

Fourteenth Amendment due process violation. *Communities for Equity v. Michigan High School Athletic Ass'n,* 459 F.3d 676, 691 -692 (6th Cir. 2006). As to the FDCPA claim, it does not appear that MERS, which merely assigned its interest in property to FNMA, is a "debt collector" as defined in 15 U.S.C. § 1692a(6). *See Montgomery v. Huntington Bank,* 346 F.3d 693, 698 (6th Cir. 2003).

Plaintiff also appears to claim a fraudulent transfer of property by MERS. However, she does not state how or why the transfer was fraudulent. Under Fed.R.Civ.P. 9(b), allegations of fraud must be pled with specificity, and a conclusory claim is inadequate. *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987).

In a Rule 12(b)(1) motion, it is the Plaintiff's burden to prove subject matter jurisdiction. *Moir, supra.* Plaintiff was ordered to file a response to this Motion to Dismiss, but has not done so, nor has she provided the Court with any information which would support a finding of subject matter jurisdiction. Therefore, this Complaint should be dismissed under Rules 12(b)(1) and 8(a)(2).

### B. Rooker-Feldman

The facts as set forth by the Defendants–which are uncontested by the Plaintiff–show that this case was litigated in state court as a mortgage default/foreclosure action that culminated in a state court judgment. *See Defendant's Motion, Exhibit F*. Therefore, this Court does not have subject matter jurisdiction, pursuant to the Rooker-Feldman doctrine. Rooker-Feldman is based on the principle that a federal district court does not have appellate jurisdiction to review a state court judgment; that power is reserved to the Supreme Court

under 28 U.S.C. §1257. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). *Exxon Mobil* held as follows:

> "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, 544 U.S. at 284.

While Plaintiff's complaint is exceedingly vague, whatever injuries she claims appear to arise from the state court judgment itself. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005). She is, therefore, a "state court loser" who seeks to void the state court judgment. Accordingly, this case is jurisdictionally barred under Rooker-Feldman.

### C. Res Judicata

Finally, any claims Plaintiff now makes in this Court could have been raised in the Michigan state court proceedings, such that even apart from the Rooker-Feldman problem, they would be barred under the doctrine of res judicata. As the Supreme Court noted in *Exxon Mobil*, the "Full Faith and Credit Act...requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.'" 125 S.Ct. At 1527, quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986); *Sinclair v. Bankers Trust, supra.* Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland*

*County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997).

Application of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997) (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

Plaintiff's case clearly falls within the Michigan test for res judicata, and is therefore subject to dismissal.

## IV.  CONCLUSION

I recommend that Defendants' Motion to Dismiss [Docket #9] be GRANTED and that the complaint be DISMISSED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                     S/R. Steven Whalen
                                                     R. STEVEN WHALEN
                                                     UNITED STATES MAGISTRATE JUDGE

Dated: July 27, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 27, 2007.

                                                     S/G. Wilson
                                                     Judicial Assistant